UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETI TELEVISIVE ITALIANE S.p.A., <br><br> Petitioner, <br><br> v. <br><br> VIMEO INC. f/k/a VIMEO LLC, <br><br> Respondent. | Case No. _____ |

## PETITION TO RECOGNIZE AND CONFIRM FOREIGN JUDGMENT

Yasmine Lahlou
Andreas A. Frischknecht
Theodore Debonis

C H A F F E T Z  L I N D S E Y  L L P
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. +1 212 257 6960
Fax +1 212 257 6950
www.chaffetzlindsey.com

*Attorneys for Petitioner
Reti Televisive Italiane S.p.A.*

## TABLE OF CONTENTS

**Page**

**Parties**............................................................................................................................... 1

**Jurisdiction and Venue**................................................................................................... 1

**Factual Background**....................................................................................................... 2

**Prayer for Relief**............................................................................................................. 5

## TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1332................................................................................................................. 1, 2

**Rules**

New York Civil Practice Law and Rules........................................................................... 1

Uniform Foreign Money Judgments Recognition Act ..................................................... 1

Petitioner Reti Televisive Italiane S.p.A. ("RTI"), by and through its attorneys Chaffetz Lindsey LLP, alleges as follows in support of its petition for entry of an order recognizing and confirming, pursuant to the Uniform Foreign Money Judgments Recognition Act codified in Article 53 of the New York Civil Practice Law and Rules, a final judgment issued by the 17th Section of the Rome Tribunal, Court of Rome, Companies Court (the "Italian Court") dated July 12, 2019 (Decision No. 14760/2019) (the "Judgment") against Vimeo LLC, now Vimeo Inc. ("Vimeo").

## PARTIES

1. Petitioner Reti Televisive Italiane S.p.A. is an Italian corporation with its principal place of business in Milan, Italy. RTI owns and operates the television channels Canale 5, Rete 4, and Italia 1.

2. Respondent Vimeo Inc., formerly known as Vimeo LLC, is a Delaware corporation registered to do business in New York as a foreign corporation with its principal place of business located at 555 West 18th Street, New York, New York 10011. A true and correct copy of Vimeo's registration with New York's Secretary of State is attached as Exhibit A to the accompanying Declaration of Yasmine Lahlou (the "Lahlou Declaration"). Vimeo owns and operates the internet-based telecommunications platform vimeo.com.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this proceeding pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists because the action involves a dispute between a citizen of a foreign state (RTI) and a domestic corporation (Vimeo), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Personal jurisdiction over Vimeo exists because it operates, conducts, engages in, and/or carries on business in New York, and this action arises from such business. In addition,

1

personal jurisdiction over Vimeo exists because the company is registered to do business with the Secretary of State for the State of New York, and it is engaged in substantial and continuous activity in New York.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c), as Vimeo is subject to personal jurisdiction in New York, operates its business, and, on information and belief, has assets within this judicial district.

## FACTUAL BACKGROUND

6.  During the period between June 15 and July 8, 2015, Petitioner discovered, in the course of operating the Italian television channels Canale 5, Rete 4, and Italia 1, that the video sharing platform managed by Respondent had published approximately 385 audio-video excerpts of Petitioner's content, including films, TV programs, and Italian football matches. Petitioner promptly served a warning notice on Respondent, advising that the company's actions violated both Italian copyright laws, which reserve for broadcasters the right to reproduce or authorize the reproduction of audio-video work, and the Italian Property Code because the excerpts contained Petitioner's distinctive trademarks.

7.  In response to Petitioner's notice, Respondent removed only a small amount of the infringing content but otherwise failed to reply to Petitioner's notice.

8.  Faced with Respondent's intransigence, Petitioner issued a complaint on September 25, 2015, which was registered by the Italian Court on October 5, 2015, alleging that Respondent had, by making available to the public without Petitioner's consent excerpts from the RTI programs and football matches, engaged in a course of conduct that – in addition to constituting a civil offense under Articles 2043/2050 of the Italian Civil Code and a violation of competition law under Article 2598 of the Italian Civil Code – violated Petitioner's commercial

rights, including under Articles 78 and 79 of Law No. 633/1941 and Articles 12-20 of Legislative Decree No. 30-2005.

9. Petitioner asked the Italian Court to grant the following relief:

   a. An order requiring Respondent to remove from the Vimeo hosting platform, and disable access to, all excerpts at issue reproducing Petitioner's content;

   b. An injunction prohibiting Respondent from any further violations involving excerpts of Petitioner's content;

   c. Damages for Petitioner's pecuniary loss based on the amount Petitioner would have been paid for Respondent's reproduction of Petitioner's content under contract;

   d. Damages for Petitioner's non-pecuniary loss associated with harm to its reputation;

   e. Additional monetary penalties;

   f. Attorney's fees and costs; and

   g. Publication of the relevant part of the Italian Court's decision.

10. Respondent, for its part, asked the Italian Court to find that it lacked jurisdiction over Petitioner's application for an injunction, and otherwise to dismiss Petitioner's claims in full. Respondent never challenged the jurisdiction of the Italian Court to award damages.

11. On July 12, 2019, the Italian Court issued the Judgment in Petitioner's favor and against Respondent:

    a.    Finding and holding that Respondent had improperly made available to the public excerpts of Petitioner's content in violation of Petitioner's commercial rights;

    b.    Ordering Respondent to remove from the Vimeo hosting platform, and disable access to, any and all excerpts of Petitioner's relevant content, as identified in the course of the proceedings;

    c.    Enjoining Respondent from any further violation involving excerpts of Petitioner's content;

    d.    Ordering Respondent to pay EUR 5,000.00 per day for any future violation or non-compliance;

    e.    Ordering Respondent to pay Petitioner EUR 4,746,273.00 plus interest and appreciation from the date of the court's decision;

    f.    Ordering publication of the operative part of the Italian Court's decision at Respondent's expense; and

    g.    Ordering Respondent to pay Petitioner's legal expenses in the amount of EUR 75,500.00, plus VAT at 22%, general costs, and CPA (lawyer's social security fund).

12.    A true and correct copy of the authenticated Judgment, with a certified English translation, is attached as Exhibit A to the accompanying Declaration of Alessandro La Rosa (the "La Rosa Declaration").

13.    Respondent failed to pay any of the amounts due and owing under the Judgment. As a result, on September 14, 2020, counsel for Petitioner wrote to Respondent demanding satisfaction of the Judgment on or before September 30, 2020. A true and correct copy of

Petitioner's demand letter is attached as Exhibit B to the Lahlou Declaration. Respondent received Petitioner's September 14 demand letter but did not respond to counsel. *See* Lahlou Declaration ¶¶ 4-5. As such, all amounts due and owing under the Judgment remain unpaid. *See* La Rosa Declaration ¶ 6.

14. The Judgment issued by the Italian Court is a final judgment, conclusive and enforceable in Italy. The Judgment is on appeal; however, an application by Respondent to stay enforcement has been denied by the Court of Appeal of Rome, Section II –Companies Section. *See* La Rosa Declaration ¶ 5.

15. The Italian judicial system provides impartial tribunals and procedures compatible with the requirements of the due process of law.

16. The Judgment was not produced by fraud, nor does the Judgment violate public policy or conflict with any other final judgment.

## PRAYER FOR RELIEF

For the foregoing reasons, Petitioner respectfully petitions this Court, pursuant to the Uniform Foreign Money Judgments Recognition Act, codified in Article 53 of the New York Civil Practice Law and Rules, to:

a. Enter judgment in Petitioner's favor and against Respondent recognizing and confirming the Judgment and awarding Petitioner the U.S. dollar equivalent, at the prevailing exchange rate, of the following amounts awarded to Petitioner in the Judgment:
   i. EUR 4,746,273.00 in damages;
   ii. EUR 75,500.00 in legal fees;
   iii. EUR 11,325.00 in general costs;
   iv. EUR 3,473.00 for the CPA;
   v. EUR 23,000.00 for court-ordered technical advisory;
   vi. EUR 46,120.00 for publication expenses; and

      vii.    Interest from the date of the Judgment to the date of Petitioner's filing of this Petition.

b. Enter judgment that Respondent is liable to Petitioner for pre-judgment interest at the applicable statutory rate;

c. Enter judgment that Respondent is liable to Petitioner for post-judgment interest at the applicable statutory rate;

d. Enter an order requiring Respondent to pay the costs incurred by Petitioner in connection with this proceeding; and

e. Award such further relief as may be just and proper.

Dated: New York, New York
October 26, 2020

Respectfully Submitted,

*/s/ Yasmine Lahlou*
Yasmine Lahlou
Andreas A. Frischknecht
Theodore Debonis

**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax (212) 257-6950

*Attorneys for Petitioner Reti Televisive Italiane S.p.A.*